IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMUNDO M. ROMBEIRO,<br><br>        Plaintiff,<br><br>  v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, et al.,<br><br>        Defendants.<br>_____/ | No. C 02-04018 SI<br><br>**ORDER RE**: **PLAINTIFF'S MOTION FOR ATTORNEY'S FEES & EXPENSES AND NEXT LEVEL DEFENDANTS' MOTION FOR A PROTECTIVE ORDER** |

On March 25, 2011, the Court heard argument on plaintiff's Motion for Attorney's Fees and Expenses, and the Next Level defendants' Motion for a Protective Order. Having considered the arguments of counsel and the papers submitted, the Court hereby DENIES plaintiff's motion and DENIES IN PART and GRANTS IN PART Next Level defendants' motion.

**BACKGROUND**

Plaintiff Edmundo M. Rombeiro participated in a long term disability insurance plan that his employer, defendant Next Level Communications ("Next Level"), established for the benefit of its employees.[1] Defendant Next Level established the Next Level Communications Group Long Term Disability Plan ("Plan"). The Plan then provided benefits and was funded through the purchase of an insurance policy from defendant Unum Life Insurance Company of America ("Unum Life"). Defendant

---

[1] The parties agree that this benefit plan was an "employee welfare benefit plan" as defined in 29 U.S.C. § 1002(1). An employee welfare benefit plan is one "established or maintained by an employer or by an employee organization, or by both, . . . for the purpose of providing [various types of benefits] for its participants or their beneficiaries, through the purchase of insurance or otherwise[.]" 29 U.S.C. § 1002(1).

1 Next Level paid defendant Unum Life the required policy premiums while Unum Life agreed to provide
2 long term disability coverage, or a long term disability plan, to eligible Next Level employees.

3    Plaintiff filed suit because, he alleges, he became disabled within the terms of the Plan and
4 policy of insurance, he notified defendants of his disability and complied with all other requirements
5 of the Plan and policy, but defendant Unum Life denied his claim for disability benefits and terminated
6 his coverage.

7    On July 15, 2002, plaintiff filed a complaint against defendant Unum Life in state court.
8 Defendant Unum Life removed plaintiff's case to federal court, and on January 21, 2003, plaintiff filed
9 a First Amended Complaint against defendant Unum Life and an allegedly affiliated entity, seeking class
10 action certification and asserting four claims for relief under the Employment Retirement Income
11 Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA").  On April 30, 2003, the Court dismissed
12 two of the claims.  Doc. 25.  On May 15, 2003, plaintiff filed a Second Amended Complaint, in which
13 he named additional defendants, including Next Level and the Plan ("Next Level defendants").  Doc.
14 27.  On October 1, 2003, the case was transferred to the Eastern District of Tennessee by the Judicial
15 Panel on Multidistrict Litigation, Doc. 60, where it was consolidated with six other class actions, MDL
16 Doc. 250 at 2.

17    The plaintiffs appearing in the MDL filed a consolidated complaint that brought class claims.
18 On September 4, 2007, the MDL Court entered an order certifying a class action under Rule 23(b)(2),
19 which was immediately appealed to the Sixth Circuit.  MDL Docs. 230–32.  The Sixth Circuit reversed,
20 holding that the wrongful denial of benefits claim required an inquiry into causation that would prove
21 too fact specific for the typicality requirement of class action certification to be met.  MDL Doc. 234;
22 *Romberio v. Unumprovident Corp.*, 385 Fed. Appx. 423 (6th Cir. 2009).  On June 8, 2010, plaintiff's
23 case was remanded to this Court.  Doc. 62.

24    On August 31, 2010, this Court granted plaintiff leave to file a Third Amended Complaint
25 ("3AC"), which he did on September 24.  Docs. 75–76.  Named as defendants in the complaint were the
26 Next Level defendants, as well as Unum Life, UnumProvident Corporation ("UnumProvident Corp."
27 or "Unum"), Paul Revere Life Insurance Company, Provident Life & Accident Insurance Company,
28 and("Unum defendants"). Plaintiff made three ERISA claims: (1) for benefits and reinstatement against

2

the Next Level defendants, under 29 U.S.C. § 1132(a)(1); (2) for penalties for violation of claims procedures against the Next Level defendants, under 29 U.S.C. § 1132(c); and (3) for equitable and declaratory relief for violation of ERISA or the terms of the plan against the Unum defendants, under 29 U.S.C. § 1132(a)(3).

On December 23, 2010, the Court granted the Unum defendants' motion for summary judgment, and all claims against them were resolved in their favor. The Court also granted in part and denied in part a motion for summary judgment filed by the Next Level defendants. *Id.* The only claim remaining in this case is against the Next Level defendants, for benefits and reinstatement.

By the time plaintiff filed suit in July 2002, the state insurance regulators in Georgia, Tennessee, Florida, Oklahoma, New York, and Pennsylvania had each announced that they were examining the market conduct of Unum with regard to claims processing. *Id.* at ¶ 2–4. By the fall of 2002, before plaintiff filed his First Amended Complaint, NBC's Dateline and CBS's 60 Minutes had each run an "expose" on Unum's claims practices. *Id.* at ¶ 5. Ten days after the 60 Minutes story, Unum received notice that New Jersey wanted to do an investigation of claims practices and anticipated the commencement of a multi-state examination of Unum's claims practices on behalf of the Commissioners of all states. *Id.*

In addition to plaintiff and the others who were involved in the MDL, a variety of other individuals have sued subsidiaries of Unum on a variety of grounds, many before plaintiff ever filed suit. *See Radford Trust v. First Unum Life Ins. Co. of Am.*, 321 F. Supp. 2d 226, 247 n.20 (D. Mass. 2004) (reviewing orders or decisions between 1995 and 2004 in 35 federal court cases that commented unfavorably on Unum's conduct and/or reversed denials of benefits), *order reversed in part, appeal dismissed in part*, 491 F.3d 21 (1st Cir. 2007). In this district, for instance, before plaintiff filed his claim a jury had awarded one denied claimant $7.67 million, including $5 million for punitive damages, in a case not brought under ERISA. *See Hangarter v. Paul Revere Life Ins. Co.*, 236 F. Supp. 2d 1069 (N.D. Cal. 2002) (upholding jury verdict on JMOL motion), *affirmed in relevant part*, *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998 (9th Cir. 2004). Another case, filed in 2000 though not resolved until 2008, found UnumProvident facing a punitive damages award of $26,394,765.39. *See Merrick v. Paul Revere Life Ins. Co.*, 594 F. Supp. 2d 1168, 1192 (D. Nev. 2008) (reducing a jury

1 punitive award of $36 million). In addition to policyholders, claims-processing employees who alleged 2 that they were dismissed for not complying with Unum's claims practices began bringing wrongful 3 dismissal suits before plaintiff brought his claim. *See McSharry v. Unumprovident Corp.*, Case No. 4 02-00208 (E.D. Tenn) (removed to federal court July 16, 2002); *see also* Langbein, Trust Law as 5 Regulatory Law: the Unum/provident Scandal and Judicial Review of Benefit Denials under Erisa, 101 6 Nw. U.L.Rev. 1315, 1319 (2007) (discussing these cases).

7 On November 18, 2004, several subsidiaries of Unum, including defendant Unum Life, entered 8 into a Regulatory Settlement Agreement ("RSA") with the U.S. Department of Labor and the insurance 9 departments of 48 states. *See* Doc. 106; Griffin Decl. ¶ 1. Separately, on October 1, 2005, subsidiaries 10 of Unum, including defendant Unum Life, entered into a settlement agreement with the California 11 Department of Insurance ("CSA"). *See* Doc. 106; Griffin Decl. ¶ 1. These agreements require 12 defendant Unum Life to implement new claims handling practices and also to provide certain claimants 13 the opportunity to have their denied claims reassessed. *See* Doc. 106. The CSA instituted requirements 14 above and beyond those in the RSA, including providing for an opportunity for independent, third-party 15 review of denied claims. *See id.* Notice was sent to plaintiff of his opportunity to participate in the CSA 16 reassessment, and he did not elect to participate. *See id.*

17 Currently pending before the Court are two motions. The first is plaintiff's motion for attorney's 18 fees and expenses against defendant UnumProvident Corporation. The second is the Next Level 19 defendants' motion for a protective order.

**LEGAL STANDARD**

**I. Motion for attorney's fees and expenses**

ERISA § 502(g)(1) provides that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

A claimant must show "some degree of success on the merits" before a court may award attorney's fees under ERISA § 502(g)(1). *Hardt v. Reliance Standard. Life Ins. Co.*, --- U.S. ----, 130 S.Ct. 2149, 2158 (2010). "A claimant does not satisfy that requirement by achieving 'trivial success

4

on the merits' or a 'purely procedural victor[y],' but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a 'lengthy inquir[y] into the question whether a particular party's success was substantial' or occurred on a 'central issue.'" *Id.* (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 688 n. 9 (1983)). In *Hardt*, the district court had denied defendant's motion for summary judgment, and had remanded plaintiff's denial of benefits claim with instructions to the insurance carrier to "adequately consider all the evidence" within 30 days lest judgment be issued in favor of the claimant, and the insurance carrier in fact awarded the plaintiff the benefits that she had sought. *Id.* at 2158–59. The Supreme Court concluded that this constituted "some degree of success on the merits." *Id.* at 2159.

Before awarding fees under ERISA § 502(g)(1) to a claimant who has achieved some degree of success on the merits, a court must consider the factors set forth in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980). *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121(9th Cir. 2010). The *Hummell* factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Id.*

## II.    Motion for protective order

Rule 26(c) governs orders protecting parties from discovery and authorizes the Court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The grant or denial of a protective order is within the sound discretion of the district court. *See Robi v. Reed*, 173 F.3d 736, 739 (9th Cir. 1999).

To obtain a protective order, the party resisting discovery or seeking limitations thereon must show "good cause" for its issuance. Fed. R. Civ. P. 26(c); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The moving party bears a "heavy burden" to demonstrate why discovery should

be denied. *Blankenship*, 519 F.2d at 429. "While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery." *Dart Industries Co., Inc. v. Westwood Chemical Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) (citation omitted).

## DISCUSSION

### I.  Motion for attorney's fees and expenses

Plaintiff has moved for attorney's fees and expenses against defendant UnumProvident Corp., based on work done in connection with the attempted class action and MDL proceedings. Under *Hardt*, a plaintiff must show that he achieved "some degree of success on the merits" of the pending lawsuit before a court may award attorney's fees and expenses under ERISA. Plaintiff has not demonstrated to the Court that plaintiff achieved "some degree of success on the merits" of this lawsuit to date. The Court DENIES plaintiff's motion.[2]

### II.  Motion for protective order

The Next Level defendants have moved for a protective order pursuant to Federal Rule of Civil Procedure 26. Plaintiff has noticed four individuals for deposition in this case, all four of whom were Unum claims personnel who were involved in the handling of plaintiff's claim and appeals. The Next Level defendants request a protective order forbidding what it calls third-party depositions. In the alternate, they request that the Court defer its ruling on this motion until after ruling on a motion for summary judgment that the Next Level defendants assert will be filed by the end of this week. Finally, the Next Level defendants ask the Court to limit the scope, time, and location of the depositions.

The Court declines to grant defendants any of their requested relief. Now that the case has been remanded from the MDL court, and due to the unusual circumstances of this case, the Court will permit limited discovery court into plaintiff's single remaining claim. The noticed depositions are relevant at

---

[2] Plaintiff's motion is for work involved in the litigation against UnumProvident Corp., not for work done on plaintiff's still pending claim against the Next Level defendants. This order is, of course, made without prejudice to any future motion for attorney's fees relating to plaintiff's pending claim.

6

least to the question of the standard of review in this Court. *See Salomaa v. Honda Long Term Disability Plan*, --- F.3d ----, 2011 WL 768070 (9th Cir. 2011). In answering that question, "the court may consider evidence outside the record." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006) (en banc). Plaintiff has stated that the depositions will not take more than a few hours each.

Whether or not the deponents are technically nonparties now that the Unum defendants have been dismissed from this case, the Next Level defendants have not carried their heavy burden to show that they need a protective order preventing the four depositions from taking place. However, the Court is persuaded that the depositions should be limited in time, to four hours each. The Next Level defendants' motion is DENIED IN PART and GRANTED IN PART.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's current motion for attorney's fees and expenses.[3]  (Doc. 108.) The Court DENIES IN PART and GRANTS IN PART the Next Level defendants' motion for a protective order. (Docs. 115, 117.) The depositions shall be limited to four hours each.

**IT IS SO ORDERED.**

Dated: March 27, 2011

SUSAN ILLSTON
United States District Judge

---

[3] The Unum defendants' motion for leave to file a supplemental declaration is denied as moot. (Doc. 124.)

7